E. Y. PILLOW, Clerk, *v.* JAS. L. GAINES, Comptroller.

STATUTE CONSTRUED. *Warrants for State costs.* So much of the second section of the act of the Legislature of 1879, ch. 101, as directs the Comptroller to issue warrants to chairman of the county court for costs chargeable to the State, to be paid into the county treasury, is inoperative and void.

FROM DAVIDSON.

This was a petition for a mandamus by the Clerk of the Circuit Court of Maury county to compel the Comptroller to issue to him a warrant for his costs against the State, instead of issuing the same to the chairman of the county court. The mandamus was refused and the clerk appealed. FRANK T. REID, J.

JOHN V. WRIGHT and HENRY COOPER for Pillow.

ATTORNEY-GENERAL LEA for Comptroller.

TURNEY, J., delivered the opinion of the court.

On the 14th of March, 1879, the Legislature passed the following act:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that section 5570 of the Code be and the same is hereby so amended as to read, A copy of the judgment and bill of costs certified by the clerk of the court and by the Attorney-General and Judge as provided in the preceding section shall be presented to the Comptroller, chairman of the county court or county judge, as the case may

be, by the clerk, or some other person authorized by him in writing, to so present the same.

"Sec. 2. Be it further enacted, that if upon examination by the Comptroller the costs mentioned in the first section of the act are chargeable upon the State, the Comptroller, when the same is audited, shall issue his warrant upon the treasury in favor of the judge or chairman of the county court for the amount thereof, and the judge or chairman of the county court shall pay the same over to the county trustee, who shall keep the same separate and apart from other funds in his hands; and the county judge or chairman, if upon examination they find said costs properly chargeable to the county, he shall issue his warrant on the county trustee for such amount as may be due each officer, witness, or other person whenever called on for the same.

"Sec. 3. Be it further enacted, that if the costs mentioned in the first section of the act are chargeable upon the county, the county judge or chairman, after the same is audited, shall file the same in his office, and issue his warrant on the county trustee for such amount as may be due each officer, witness, or other person whenever called on for the same."

The question presented arises upon the second section. Having given an exact and literal copy of the act, it is scarcely necessary to call attention to its clumsy phraseology. We think it clear that by the first clause of the second section it was the intention of the Legislature to confine the action of the Comptroller to such costs as were or are chargeable to the

State, and that when the same had been audited by him, and his warrant issued, then the matter as to such costs was finally ended, leaving open no further inspection or inquiry as to the correctness of their taxation against the State. That the second or concluding clause of the section prescribes the duty of the county judge or chairman as to the costs taxable or chargeable to the county, confining his jurisdiction and duty to such costs, the issuance of his warrant as to them being also final.

These purposes are clearly indicated, as we think, by the first section of the act requiring properly certified bills of costs to be presented to the financial agents of the State and county that the costs due from each may be respectively audited by the proper officers. There is no authority in the Comptroller to control or interfere with the finances of counties, nor in the chairman or county judge to do so with those of the State, nor do we find in this act any purpose on the part of the Legislature to confer such powers, were it admitted it could do so. As the first clause of the second section directs the costs chargeable to the State to be paid into the county treasury, and makes no provision for its payment out, but on the contrary directs the trustee to keep it separate and apart from other funds in his hands, we are of opinion the Legislature transcended its authority in appropriating to no purpose the private property of the individuals entitled · to such costs, and that such part of said section is inoperative and void.

We see no objection to the remainder of the act,

which is very similar in its provisions to sec. 521 *et seq.* of the Code, construed by this court in *Head* v. *Berry,* 1 Lea, 753.

The judgment of the circuit court is reversed, and judgment will be entered by this court.